1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

ROSEMARIE ROBIN TRACY YOUNG,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

NO.  C2:14-CV-00144-TSZ-JLW

REPORT AND
RECOMMENDATION

14

BASIC DATA

15

Type of benefits sought:

16

(X) Supplemental Security Income – Disability

(X) Disability Insurance

17

Plaintiff's:

18

Sex: Female

19

Age:  53 at application, 54 at ALJ hearing

20

21

Principal Disabilities Alleged by Plaintiff:  myocardial infarction, heart disease, cardiomyopathy ischemic, hypothyroidism, hyperlipidemia, thyroid disease, gum disease, breathing problems, CAD, anxiety, depression

22

Disability Allegedly Began: October 15, 2010

23

Principal Previous Work Experience: motel clerk, financial teller, retail sales associate, janitor, security guard, auto detailer

24

Plaintiff Last Worked: October 2010

REPORT AND RECOMMENDATION - 1

Education Level Achieved by Plaintiff:  Some Community College

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Laura Valente:

Date of Hearing: March 8, 2012

Date of Supplemental Hearing: July 11, 2012

Date of Decision: July 27, 2012

Appears in Record at: Decision AR 15-30, Hearing AR 43-112, Supplemental Hearing AR 113-171

Summary of Decision:

Claimant has not engaged in substantial gainful employment since her alleged onset date. She has the severe impairments of ischemic heart disease with perforation, affective disorder, anxiety disorder, organic brain syndrome, and obesity. These impairments, alone or in combination, do not meet or medically equal a Listing. She has the Residual Functional Capacity (RFC) to perform light work with lifting/carrying limited to 20 lbs occasionally and 10 lbs frequently. She can sit for six hours of an eight hour shift and has restrictions to climbing, bending, stooping, and kneeling. She must avoid ladders, ropes and scaffold. Claimant has sufficient concentration to understand, remember, and carry out simple repetitive tasks. She can perform complex tasks up to Specific Vocational Preparation (SVP) 5 for up to 2/3 of the work day. She can maintain concentration, persistence, and pace in two-hour increments with usual and customary breaks. She can have frequent interaction with supervisors and can work in proximity to a small group of up to ten coworkers. Given this RFC, the Vocational Expert (VE) opined that she could perform her past relevant work as a fast food worker, motel clerk, or financial teller. Because she can perform her past relevant work, she is not disabled.

Before Appeals Council:

Date of Decision: December 24, 2013

Appears in Record: AR 1-6

Summary of Decision: Review denied

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

REPORT AND RECOMMENDATION - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<u>RECOMMENDATION OF</u>

<u>UNITED STATES MAGISTRATE JUDGE</u>

(X)  Affirm

<u>SUMMARY OF RECOMMENDATION</u>

The ALJ properly evaluated the medical and lay evidence. Any error in omitting the limitation to frequent but superficial public contact from the RFC in the ALJ's written opinion was harmless, given that the ALJ incorporated this limitation into all hypotheticals to the VE. The record supports the ALJ's finding that Plaintiff could perform at least two of the jobs in her past relevant work.  The ALJ's reliance on the VE's testimony was proper, because the VE supplemented information found in the Dictionary of Occupational Titles with additional information based upon his experience and expertise.  Plaintiff's other objections to the findings that she could perform her past relevant work are without merit.  There was no error meriting reversal.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

REPORT AND RECOMMENDATION - 3

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### EVALUATING DISABILITY

The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

### ISSUES ON APPEAL

1. Did the ALJ properly evaluate the medical evidence and lay evidence?

2. Did the ALJ err at Step 4 by finding that Plaintiff could perform her past relevant work?

REPORT AND RECOMMENDATION - 4

1

DISCUSSION

2

I.     Lay Witness Testimony

3

"In determining whether a claimant is disabled, an ALJ must consider lay witness

4

testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454

5

F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony includes evidence of the claimant's

6

symptoms or the impact of impairment on claimant's ability to work. *Id*. A germane reason is

7

required to disregard evidence from a lay source. *Turner v. Comm'r of Soc.Sec. Admin.*, 613 F.

8

3d 1217, 1224 (9th Cir. 2010).

9

The ALJ considered evidence from Plaintiff's treating therapist, Richard R. Sprague

10

LICSW. Mr. Sprague is a "lay witness." 20 C.F.R. 404.1513(d)(1). The record contains

11

treatment records and several opinions from Mr. Sprague. The ALJ gave some weight to Mr.

12

Sprague's February 2011 opinion. AR 26. "His opinion is consistent with mental status exam

13

findings and his own treatment notes…which consistently show improvement in symptoms

14

and fair to good mental status exam findings." AR 27. However, the ALJ gave less weight to

15

Mr. Sprague's December 2011 (AR 697, 705-10) and February 2012 (AR 783-5) opinions

16

which describe marked to extreme limitations in activities of daily living, social functioning,

17

and concentration, persistence and pace. AR 27, 700, 703, 706, 784. The ALJ noted that "these

18

assessments are inconsistent with the record and his treatment notes…where Mr. Sprague

19

assessed only mild depression. In addition, there is no evidence in the record to support marked

20

to extreme limitations in activities of daily living." AR 27. Plaintiff contends that the ALJ's

21

reasons were not valid and based on misstated evidence.

22

The record supports the ALJ's assessment of Mr. Sprague's opinions and treatment notes.

23

In March 2011, Mr. Sprague diagnosed mild anxiety and depression, noting "moderate

24

depressive symptoms." AR 597-8. He assessed her activities of daily life competencies as

REPORT AND RECOMMENDATION - 5

"good." AR 601. The counseling notes continue to reflect this mild depression. AR 766-8.

Similarly, Mr. Sprague's November 2011 notes mild anxiety with "mild or minimal depressive

symptoms." AR 657. He reports, "[p]atient is doing better and…reports ready for her case to

be closed. Patient is doing volunteer work and also going back to school." AR 658. According

to Mr. Sprague, Plaintiff's condition was mild and improving. These treatment notes differ

significantly from the letter and severe assessment submitted by Mr. Sprague just one month

later in December 2011. AR 697, 705-10. There were no observations or treatment notes in

December of 2011which differed markedly from those submitted earlier, and therefore no

apparent basis for the abrupt change in Mr. Sprague's ultimate conclusions as to Plaintiff's

impairments.

Inconsistencies are a germane reason for rejecting lay witness evidence. *Bayliss*, 427 F.3d

at 1218. The record supports that Mr. Sprague's assessment of marked limitations conflicts

with his own treatment records. The ALJ did not err in evaluating and weighting Mr. Sprague's

opinions and treatment notes.

II.    <u>Medical Evidence</u>

The ALJ evaluates medical evidence as part of the record when determining disability. 20

C.F.R § 416.927(b). Medical opinions of treating physicians are accorded special weight.

*Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  "The ALJ must either accept the

opinions of…treating physicians or give specific and legitimate reasons for rejecting them." *Id.*

at 422 n.3. Clear and convincing evidence is required to reject the uncontroverted opinion of

treating or examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ

may not reject a contradicted medical opinion without providing specific and legitimate

reasons supported by substantial evidence in the record. *Id.*

A.  *Kerry Bartlett, Ph.D.*

REPORT AND RECOMMENDATION - 6

1    Dr. Kerry Bartlett performed psychological evaluations in April and October 2011. AR

2   621-8, 646-50. These visits included a clinical interview, mental status evaluation, and

3   cognitive and psychological testing. AR 623. In April 2011, Dr. Bartlett determined that

4   Plaintiff was moderately to severely depressed with chronic anxiousness. AR 625.  In October

5   2011 she was moderately depressed. AR 648. At that time, Dr. Bartlett noted severe limitations

6   related to maintaining appropriate behavior in a work setting and performing effectively in a

7   work setting with even limited public contact. AR 649. Plaintiff also had marked limitations

8   with complex tasks and performance of routine tasks without undue supervision. AR 649.

9        The ALJ gave little weight to these opinions. AR 27.

10       In April 2011, Dr. Bartlett opined that the claimant was unable to work because
11       of her anxiety and self-esteem issues. In October 2011, Dr. Bartlett opined that
         the claimant was moderately to markedly limited in cognitive and social factors.
12       In February 2012, Dr. Bartlett opined that the claimant was markedly limited in
         activities of daily living, maintaining social functioning, and concentration
13       persistence or pace due to affective and anxiety disorder. However the
         claimant's presentation during as well as treatment notes around the same time,
14       show that claimant's [sic] was doing fair to fairly well mentally. AR 27-8.

15   Plaintiff claims that these reasons were not specific and legitimate because Dr. Bartlett's

16   opinions were based on objective observations and findings from testing.

17       As shown above, Plaintiff's treatment notes from her mental health counselor, Mr.

18   Sprague, detail only mild depression for the same time period. Mr. Sprague saw moderate

19   depressive symptoms resulting in a depression of mild depression and anxiety in March 2011.

20   AR 597-8. In November, Plaintiff showed improvement and a desire to end counseling for her

21   diagnosed mild depression. AR 658. And Mr. Sprague's June 2012 treatment notes also show

22   mild depression. AR 796-7.

23       Despite their proximity in time, these mental health treatment notes describing mild

24   depression conflict with Dr. Bartlett's assessments. These inconsistencies provide significant

REPORT AND RECOMMENDATION - 7

and legitimate reason to give little weight to Dr. Bartlett's opinion. The ALJ did not err in the evaluation of Dr. Bartlett's assessment.

      B. *Vincent Gollogly, Ph.D., and Plaintiff's Ability to Work with the Public*

      Vincent Gollogly, Ph.D., is a State agency psychological consultant. In May 2011, Dr. Gollogly reviewed Plaintiff's file and determined that she was limited to simple, routine tasks, and "able to handle some public contact." AR 204-5. But, Plaintiff "should not work with the general public in any intense capacity due to history of mental illness." AR 205. The ALJ gave some weight to this opinion because it is consistent with the mental status exams showing mild to moderate limitations. AR 29. Dr. Gollogly's assessment is also consistent with Plaintiff's activities of daily living including community college, handling her finances and volunteering at a senior center. AR 29.

      At the hearing, the ALJ included limitations to "superficial but frequent" public contact in the hypotheticals to the VE. AR 101, 104.  But, the RFC in the final hearing decision did not include restrictions on public contact. AR 21. Plaintiff argues that the ALJ failed, without explanation, to incorporate Dr. Gollogly's limitations upon public interaction in the written RFC assessment.

      Any error in this oversight is harmless. An error is harmless "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout*, 454 F.3d at 1055. Here, in reaching her decision, the ALJ essentially *adopted* Dr. Gollogly's conclusion that Plaintiff was limited to superficial and frequent public contact.  The ALJ included the public contact limitation in all of the hypotheticals to the VE.  The VE identified several jobs within Plaintiff's past relevant work as requiring "superficial and frequent" public interaction. AR 101-6.  This formed the basis for the ALJ's decision.  AR 29.

The ALJ erred by failing specifically to include this limitation in the written decision. But, given that the ALJ and VE extensively considered this limitation in determining what jobs Plaintiff can perform, this omission had no impact on the decision. The error is harmless.

III.   Past Relevant Work

At Step 4, the ALJ must determine if Plaintiff is capable of performing her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The burden of proof is on the Plaintiff. *Valentine*, 574 F.3d at 689. In this case, the ALJ asked the VE if Plaintiff could perform any of her past relevant work given the RFC formulated by the ALJ, including a limitation to frequent but superficial contact with the public. AR 101-6. The VE testified that Plaintiff could perform her past work as a fast food worker, motel clerk, and financial teller. AR101-106. The ALJ adopted this finding in the final decision and concluded that Plaintiff was not disabled. AR 29. Plaintiff contends that the ALJ erred in concluding that she could perform these jobs.

First, the Commissioner correctly concedes that Plaintiff's past job as a fast food worker does not meet the threshold for past relevant work. Past relevant work must amount to substantial gainful employment. SSR 82-62, 1982 WL 31386. Earnings demonstrate whether a job is considered substantial gainful employment. 20 C.F.R. § 404.1574(a)(1).

When Plaintiff worked in fast food, the minimum monthly income for substantial gainful employment was $810.00. *See* www.ssa.gov/oact/cola/sga.html.  Plaintiff's only held her fast food job for a few weeks and earned a mere $126.52. AR 380, 347. Her income was below the required minimum and does not constitute past relevant work. The ALJ erred by considering Plaintiff's fast food job at Step 4.

The ALJ's hypothetical and RFC limited Plaintiff to simple, repetitive tasks up to the SVP 2, but with the ability to perform complex tasks up to SVP 5 for no more than two thirds

1    of a workday. AR 103-4, 108.  The VE testified that financial teller and motel clerk meet this

2    requirement.  At the hearing, the ALJ questioned the VE as to his testimony. "They appear to

3    be consistent with information and general knowledge that a vocational expert would have

4    considering your expertise and so forth. Was your testimony otherwise consistent with…the

5    DOT?" AR 109. The VE replied in the affirmative. AR 109. Despite this, the Plaintiff alleges

6    conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT)

7    because the DOT does not address the proportion of a standard day occupied by skilled versus

8    unskilled work.

9         When such inconsistencies arise, the ALJ cannot rely on the VE without addressing the

10   discrepancy.

11             When vocational evidence provided by a VE or VS is not consistent with
               information in the DOT, the adjudicator must resolve this conflict before relying
12             on the VE or VS evidence to support a determination or decision that the
               individual is or is not disabled. The adjudicator will explain in the determination
13             or decision how he or she resolved the conflict.

14   SSR 00-4p. To satisfy this requirement, the ALJ must first determine whether a conflict exists.

15   *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir.2007).  "If it does, the ALJ must then

16   determine whether the vocational expert's explanation for the conflict is reasonable and

17   whether a basis exists for relying on the expert rather than the *Dictionary of Occupational*

18   *Titles.*" *Id*.

19             In this case, the ALJ did not find a conflict. "I realize some of them are not in the DOT

20   but they did not appear to be in conflict with the DOT." AR 109. The DOT does not detail the

21   proportion of complex to unskilled tasks, so the information may be seen as supplementary

22   rather than conflicting. But, if the ALJ incorrectly assessed the lack of conflict, there is still no

23   error. According to SSR 00-4p, reasonable explanation for conflicts or apparent conflicts

24   includes"[e]vidence from VEs or VSs can include information not listed in the DOT." The

REPORT AND RECOMMENDATION - 10

information concerning the number of hours of unskilled work ordinarily performed during an average workday in a skilled job is not contained in the DOT. Therefore, this supplementary information is a reasonable explanation for any apparent conflict between the VE's testimony and the DOT.

Plaintiff contends that the ALJ incorrectly found her capable of performing her past jobs of motel clerk and financial teller despite her academic difficulties with her community college Algebra course. In her decision, the ALJ recognized some difficulty but concluded that "algebra requires more complex math than is required of the jobs the vocational expert testified were viable with the residual functional capacity in this decision." AR 25. Plaintiff contends that this conflicts with the DOT which stipulates Math Level 3 for both motel clerk and financial teller. DICOT #238.367-038, #211.362-018. This math requirement includes algebra, geometry, and the ability to "[c]ompute discount, interest, profit, and loss; commission, markup, and selling price; ratio and proportion; and percentage. Calculate surfaces, volumes, weights, and measures." DICOT #238.367-038, #211.362-018.

Despite the math requirements, the ALJ determined that Plaintiff can perform her past relevant work as "actually and generally performed." AR 29. "A claimant must be able to perform her past relevant work either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Plaintiff's work history is a source for how she performed her previous work. *Id*. Plaintiff completed a work history report detailing her employment tasks. For her motel clerk job, she performed mostly clerical duties. AR 382. This included "creating closing reports from the hotel computer terminal" and verifying reports to turn into the hotel manager and owner. AR 382. None of the tasks detailed in her work report appear to require algebra or other advanced math. AR 382. Dr. Bartlett's April 2011 assessment noted that she "fared remarkably well" with the math

testing. AR 625. Given this assessment and the work history, none of the evidence presented demonstrates that Plaintiff no longer has the capacity to perform this job as actually performed in the past.

Finally, Plaintiff alleges a conflict between the VE's testimony and the DOT regarding the ability to perform the jobs of motel clerk and financial teller if limited to frequent but superficial contact with the public. The ALJ recognized this shortcoming in the DOT and explained her resolution of the issue. "I note that the DOT does not discuss the quality or quantity of contact with others but the vocational expert persuasively explained that in his opinion, the jobs which are consistent with the hypothetical at this step are within the social limitations of the residual functional capacity." AR 29.

The ALJ provided thorough hypotheticals to the VE, including limitations to coworkers and public contact.  The VE testified that Plaintiff could perform her past relevant work with the hypothetical limitations of the RFC. Although not explicit, this was tantamount to testimony by the VE that a motel clerk and a financial teller each has frequent but superficial contact with the public. Plaintiff's counsel did not cross-examine the VE on this issue. "The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." *Bayliss*, 427 F.3d at 1217. Plaintiff has not met her burden of showing that she cannot perform any of her past relevant work. There was no error.

<u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED.  A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 12

1      Objections to this Report and Recommendation, if any, must be filed with the Clerk

2  and served upon all parties to this suit no later than fourteen (14) days after the date on which

3  this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall

4  note this matter for the earliest Friday after the deadline for objections, as ready for the

5  Court's consideration. Failure to file objections within the specified time may affect a party's

6  right to appeal.

7      If objections are filed, any response is due within fourteen (14) days after being served

8  with the objections.  A party filing an objection must note the matter for the court's

9  consideration fourteen (14) days from the date the objection is filed and served.  Objections

10  and responses shall not exceed twelve pages.

11

12      DATED this 12th day of December, 2014.

13

14      _____

15      JOHN L. WEINBERG
        United States Magistrate Judge

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 13